**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CASE NO.: 19-20122 (JJT) |
| | : | |
| ANANDKUMAR B. SHAH and | : | CHAPTER 7 |
| KRISHNABEN SHAH | : | |
| | : | |
| Debtors. | : | |
| | : | |
| ANTHONY S. NOVAK, CHAPTER 7 | : | ADV. PRO NO.: |
| TRUSTEE FOR THE ESTATE OF | : | |
| ANANDKUMAR B. SHAH and | : | |
| KRISHNABEN SHAH | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| ASHOK SHAH | : | APRIL 24, 2020 |
| | : | |
| Defendant. | : | |

**COMPLAINT TO AVOID TRANSFER PURSUANT TO 11 U.S.C. §547,
RECOVER PROPERTY TRANSFERRED PURSUANT TO 11 U.SC. §550
AND DISALLOW CLAIMS PURSUANT TO 11 U.S.C. §550**

**Background**

1. On January 30, 2019 (the "Petition Date"), a Chapter 7 Voluntary Petition was filed in the United States Bankruptcy Court by the debtors, Anandkumar B. Shah and Krishnaben Shah (the "Debtors").

2. The plaintiff, Anthony S. Novak is the duly appointed Chapter 7 Trustee (the "Trustee" or the "Plaintiff") of the Debtors' Estate.

3. The defendant, Ashok Shah (the "Defendant") is an individual who resides at 326 Worthington Circle, Spartanburg, SC 29303.

1

## Nature of Case

4. This Complaint seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfer was made, all preferential transfers of property made for or on account of an antecedent debt and to or for the benefit of the Defendant by the Debtors during the ninety-day (90) period prior to the filing of the Debtors' bankruptcy petition pursuant to 11 U.S.C. §§547 and 550. To the extent that Defendant has filed a proof of claim or has a claim listed on the Debtors' schedules as undisputed, liquidated, and not contingent, or has otherwise requested payment from the Debtors or the Debtors' Chapter 7 Estate (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of Plaintiff's or the Debtors' right to object to such Claims for any reason including, but not limited to, 11 U.S.C. §502 (a) through (g) ("§502") and such rights are expressly reserved. Notwithstanding this reservation of rights, certain relief pursuant to §502 may be sought by Plaintiff herein as further stated below.

## Jurisdiction

5. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334(b). This adversary proceeding is a "core" proceeding to be heard and determined by the Bankruptcy Court pursuant to 28 U.S.C. §157(b)(2). Venue is proper in the District of Connecticut pursuant to 28 U.S.C. §§1391 and 1409.

## Claims for Relief

### Count One
**(Avoidance of Preference Transfer -11 U.S.C. §547)**

1-5. Paragraphs 1-5 of this Complaint are repeated and re-alleged as if fully set forth herein.

6.  On or within ninety (90) days before the Petition Date, that is between November 1, 2018 and January 30, 2019 (the "Preference Period"), the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, direct deposit or otherwise to certain entities, including Defendant.

7.  By this Complaint, the Plaintiff is seeking to avoid the transfer of an interest of the Debtors' property made by the Debtors to Defendant within the Preference Period, net of new value the Plaintiff believes was extended by the Defendant to or for the benefit of the Debtors within the Preference Period.

8.  Plaintiff has determined that the Debtors made net transfer to Defendant during the Preference Period in an amount not less than $10,644.00 (the "Transfer"). Attached hereto as "Exhibit A" is the known transfer that Plaintiff seeks to avoid and recover in this Complaint, net of amounts the Trustee believes to be new value.

9.  During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtor in property and to or for the benefit of Defendant or any other transferee. Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the Transfers, (ii) additional Transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action (e.g., but not exclusively, 11 U.S.C. §542, §544, §545, §548 and §549) (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

10. Defendant was a creditor of the Debtors at the time of the Transfer within the meaning of 11 U.S.C. §101(10)(A).

11. At the time of the Transfer, Defendant had a right to payment on account of an obligation owed to him by the Debtors.

12. The Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. §547(b)(1) because the Transfer either reduced or fully satisfied a debt then owed by the Debtors to Defendant.

13. The Transfer was for, or on account of, antecedent debt owed by the Debtors before the Transfer was made.

14. The Debtors were insolvent at all times during the ninety (90) days prior to the Petition Date. Plaintiff is entitled to the presumption of insolvency for the Transfer made during the Preference Period pursuant to 11 U.S.C. §547(f).

15. As a result of the Transfer, Defendant received more than he would have received if: (i) the Debtors' case were a case under Chapter 7 of the Bankruptcy Code; (ii) the Transfer had not been made; and (iii) Defendant received payment of his debt under the provisions of the Bankruptcy Code.

16. As evidenced by the Debtors' schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, the Debtors' liabilities exceed their assets to the point that unsecured creditors will not receive a full payout of their claims from the Debtors' bankruptcy Estate.

17. In accordance with the foregoing, the Transfer is avoidable pursuant to 11 U.S.C. §547(b).

## Count Two
### (Recovery of Avoided Transfer -11 U.S.C. §550)

1-17. Paragraphs 1-17 of this Complaint are repeated and re-alleged as if fully set forth herein.

18. Plaintiff is entitled to avoid the Transfer pursuant to 11 U.S.C. §547(b).

19. Defendant was the initial transferee of the Transfer.

20. Pursuant to 11 U.S.C. §550(a), Plaintiff is entitled to recover from Defendant the Transfer, plus interest thereon to the date of payment and the costs of this action.

## Count Three
### (Disallowance of all Claims -11 U.S.C. §§502(d) and (j))

1-20. Paragraphs 1-20 of this Complaint are repeated and re-alleged as if fully set forth herein.

21. Defendant is an entity from which property is recoverable under 11 U.S.C. §550.

22. Defendant is a transferee of the Transfer avoidable under 11 U.S.C. §547.

23. Defendant has not paid the amount of the Transfer, or turned over such property, for which Defendant is liable under 11 U.S.C. §550.

24. Pursuant to 11 U.S.C. §502(d), any and all Claims of Defendant and/or his assignee, against the Debtors' Chapter 7 Estate or Plaintiff must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Transfer, plus interest thereon and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Court grant him the following relief against Defendant:

1. As to Counts One through Three, that the Court enter a judgment against Defendant;

2. That the Transfer avoidable under 11 U.S.C. §547 in the amount of $10,644.00 be avoided;

3. That the Transfer, to the extent that it is avoided pursuant to 11 U.S.C. §547, be recovered by Plaintiff pursuant to 11 U.S.C. §550;

4. Disallowing, in accordance with 11 U.S.C. §502(d), any Claims held by Defendant and/or his assignee until Defendant satisfies the judgment;

5. Awarding pre-judgment interest at the maximum legal rate running from the date of the Transfer to the date of judgment herein;

6. Awarding post judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus costs;

7. Requiring Defendant to pay forthwith the judgment amount awarded in favor of Plaintiff; and

8. Granting Plaintiff such other and further relief as the Court deems just and proper.

**ANTHONY S. NOVAK, CHAPTER 7 TRUSTEE FOR THE ESTATE OF ANANDKUMAR B. SHAH and KRISHNABEN SHAH**

By: /s/ *Jeffrey Hellman*
Jeffrey Hellman (ct04102)
Law Offices of Jeffrey Hellman, LLC
195 Church Street, 10th Floor
New Haven, CT 06510
Tel.: 203.691.8762
jeff@jeffhellmanlaw.com